UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES MCKENZIE, JR., ) | |
| ) | Case No. 3:19-cv-287 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| JEFF DAY, CITY OF KNOXVILLE, and ) | |
| KNOXVILLE POLICE DEPARTMENT, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner proceeding *pro se*, has filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and a motion for leave to proceed *in forma pauperis* in this action (Doc. 2).

**I.     FILING FEE**

Plaintiff has failed to comply with the Court's order that he submit a certification of the funds in his inmate account, claiming that he requested such information and was advised that it was mailed to the Court on July 26, 2019. (Doc. 7.) While that information has not been received, the Court will, out of an abundance of caution, presume Plaintiff has no funds in his inmate account. (*See* Doc. 2.) Therefore, the Court finds Plaintiff lacks sufficient financial resources to pay the filing fee, and pursuant to 28 U.S.C. § 1915, his motion to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 39702, as an initial partial payment, the greater of: (a) twenty percent

(20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three-hundred-fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.    SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in

civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. ALLEGATIONS OF THE COMPLAINT

Plaintiff was arrested without probable cause in January 2013 and (presumably) held in jail until February 2018 when the charges against him were dismissed. (Doc. 1, at 5.) He seeks monetary damages against Defendants for "malicious prosecution, wrongful arrest, and wrongful imprisonment." (*Id.* at 4.)

### IV. ANALYSIS

Federal district courts apply the State's statute of limitations for personal-injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). A claim of false arrest under § 1983, and imprisonment subsequent to that arrest, accrues on the date the arrest was made. *See McCune v. Cty. of Grand Rapids*, 842 F.2d 903, 906–07 (6th Cir. 1988). A claim under § 1983 for malicious prosecution accrues when the underlying criminal proceeding is terminated in Plaintiff's favor. *See id.* at 907 (citations omitted).

Plaintiff did not file the instant action until on or about July 24, 2019, more than six years after his arrest and more than a year after the challenged charges against him were dismissed. (Doc. 1.) Therefore, Plaintiff's claims accrued more than a year before he filed the instant action and are thus barred by the applicable statute of limitations. Accordingly, this action will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding district court properly dismissed as frivolous inmate's claim that was barred by the statute of limitations).

**V. CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**